IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLUDGEON RIFFOLA LTD.,

    Plaintiff,

    v.    Case No. 21-cv-02525

Womens Dresses -YIISU,    Honorable Gary Feinerman

    Defendant(No.121).

## MOTION TO VACATE JUDGMENT ORDER

Defendant <u>Womens Dresses -YIISU</u>[1] is a Amazon store created by a Chinese individual named 房红芳(Fang Hong Fang). Plaintiff sued the defendant on the ground of defendant's infringement of plaintiff trademark "DEF LEPPARD", and the Court has entered the judgment order [ DKT 71 ] on October 13,2021. However, based on procedural and substantive reasons, the defendant hereby respectfully requests the Court to vacate the judgment order, specifically, defendant shows the causes below, Defendant declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

**1. The defendant does not have sufficient information and chance to understand the facts of its prosecution.**

As to the store, the defendant has been forced to stop operating it for a long time, because Amazon forcibly deactivated the defendant's seller account in accordance with section 3 of Amazon's Business Solutions Agreement[2]【Exhibit 1】. The defendant could not log in to the store to do business, could not check its account status in the performance notice, and did not know whether the withdrawal function of account was restrained under injunction issued by the court.

The defendant has written many complaint letters to Amazon in the past few months, requesting Amazon to reactivate the defendant's account. It was not until January 3, 2022 that Amazon finally reactivated the defendant's account and restored the defendant's sales privileges【Exhibit 2】. However, in the following period of time, the defendant found that it was still unable to withdraw the funds in the account. After asking Amazon customer service, it was told that the store was involved in the lawsuit (Case No.21-2525). After investigation, the defendant found it was sentenced to compensate the plaintiff $200,000 for being sued for infringing the plaintiff's trademark. However, in the past few months, the defendant did not have sufficient information and chance to understand the process of the lawsuit. Otherwise, the defendant cannot be stupid to wait for the Court to make a judgment of huge compensation without submitting any reply. More importantly, from the evidence submitted by the plaintiff, the defendant believes that it did not infringe the plaintiff's trademark.

**2. The defendant did not infringe the plaintiff's trademark right.**

When the defendant knew that it was sued, it still didn't know which product offered by the store was the accused product because the defendant's store had many products. The defendant tried to contact the plaintiff, and then the plaintiff sent the screenshot evidence to the defendant on **February 19, 2022**. The defendant didn't know until this time that the accused product was a puzzle for adults. According to the evidence(See Figure 1), The defendant firmly believes that it did not infringe the plaintiff's trademark right, because this product only took many rock band names as elements, and the plaintiff's "DEF LEPPARD" accounted for only a very small part of them. The defendant did not take the "DEF

---

[1] Note: At this time, defendant's store name "Womens Dresses -YIISU" was changed to " Clarayan".

[2] ...We may suspend or terminate your account or this Agreement immediately if we determine that (a) you have materially breached the Agreement and failed to cure within 7 days of a cure notice unless your breach exposes us to liability toward a third party, in which case we are entitled to reduce, or waive, the aforementioned cure period at our reasonable discretion; (b) your account has been, or our controls identify that it may be used for deceptive or fraudulent, or illegal activity; or (c) your use of the Services has harmed, or our controls identify that it might harm, other sellers, customers, or Amazon's legitimate interests. We will promptly notify you of any such termination or suspension via email or similar means including Seller Central, indicating the reason and any options to appeal, except where we have reason to believe that providing this information will hinder the investigation or prevention of deceptive, fraudulent, or illegal activity, or will enable you to circumvent our safeguards...

LEPPARD" as a trademark here, nor did it show consumers that the accused product came from the plaintiff. The defendant's use of the "DEF LEPPARD" could not confuse consumers, and the defendant has clearly showed to consumers that the brand of the accused product is **"YIISU"**. From the name of the accused product, "DEF LEPPARD" is descriptive and reflects the nature of the product itself. (See Figure 1).



(Figure 1)

On the other hand, the plaintiff didn't make a clear statement, such as, whether the scope of trademark protection registered by the plaintiff covered this type of products, how the defendant infringed the plaintiff's trademark, and how the defendant confused consumers about the source of products. The plaintiff did not state whether it was appropriate to bring the more than 200 defendants together, nor did it provide evidence to prove that the plaintiff had the same or similar products. The plaintiff sued all the sellers who used "DEF LEPPARD", generally claiming that the defendant infringed its trademark right, but it did not diligently review whether the defendant really infringed before filing a lawsuit. In short, the defendant believes that the products offered for sale did not infringe the plaintiff's trademark. this is a wrong lawsuit against the defendant and it should be vacated.

**3. The defendant only made small sales of accused products and should not bear such a huge amount of compensation.**
According to the evidence of the plaintiff, it appears that the ASIN of the accused product is "B08XK5ZH2S"(See Figure 1). According to this ASIN, The defendant searched the products associated with this ASIN and found that only 14 orders had been generated in total, and accordingly obtained $321.43【Exhibit 3】. The defendant's store mainly engaged in clothing business, and the accused products accounted for only a small part of it. The defendant did not deliberately engage in the accused activities. The defendant's products were sold for a short time and made very little profit. Therefore, the defendant believes that even if the court considers the defendant's activities as infringement, the defendant should not bear such huge compensation. The compensation of $200,000 is an economic disaster for the defendant. The defendant is an individual seller living in China, and it may not be able to earn so much money to pay the compensation in its whole life.

**4. The plaintiff failed to establish the jurisdiction of the Court over the defendant.**
In the past two years, the defendant has only sent 14 orders for the accused products to the United States. The defendant believes that its contact with the United States is very slight, and the plaintiff has not submitted enough materials to meet

the minimum contact standard required by the long arm statute of the United States, especially in Illinois. The defendant found that only one order had been sent to Illinois, and this order was placed by plaintiff【Exhibit 4】. The defendant believes that the plaintiff could not establish the minimum contact between the defendant and Illinois in this way of "fishing purchase". Especially in this era of rapid development of the Internet, residents anywhere on the earth can easily access to the online store to purchase products. If the plaintiff's "fishing purchase" can establish jurisdiction of the local jurisdiction over the online seller, it will lead to countless foreign sellers being dragged to the U.S. court for trial, even if accused sellers never planned to do business in Illinois.

The plaintiff's unilateral act should not become the connection point between the defendant and Illinois, otherwise it may induce more and more plaintiffs (commercial competitors) to initiate litigation in the local court by "fishing purchase" in order to achieve the real purpose of unfair competition, which will seriously affect the normal international trade order.

Besides, defendant never travelled to United States. Defendant's store was not registered in Illinois. Defendant has no regular and established place of business in Illinois. Defendant did not maintain any offices, employees, or telephone listings in Illinois. Defendant has no manufacturing facility or distribution facility in Illinois. Defendant does not maintain any bank accounts in Illinois.

Therefore, the judgment should be vacated because the Court lacks jurisdiction over the defendant.

**5. The service of the plaintiff was inadequate and extremely inappropriate.**

The defendant learned from Amazon customer service that it was prosecuted. Through a long investigation, the defendant found the email address dekanhuan55819@163.com ever associated with Amazon store received an email from plaintiff sent on June 11, 2021【Exhibit 5】, which was automatically recognized as spam by the email system. The defendant hardly used this email address at ordinary times, because it always received a large number of advertising emails and other information useless to the defendant's business every day.

The plaintiff did not diligently serve legal documents and notices. First of all, the plaintiff should know that the defendant is a Chinese seller, but this email was not translated into Chinese by plaintiff【Exhibit 5】. It is difficult for the defendant to realize that this strange information was very important to the defendant. The plaintiff did not try its reasonable way to remind the defendant of the facts of being sued abroad.

Secondly, in terms of content and email subject line【Exhibit 5】, it appears that The plaintiff did not provide useful and noteworthy information for the defendant. At that time, the plaintiff did not remind that this was a lawsuit related to the defendant. The plaintiff did not state the cause of action to the defendant and did not provide any evidence of infringement to the defendant. The plaintiff did not separately serve summons, notice of injunction and notice of motion for judgment in writing. From the perspective of any rational businessman, any one seeing this kind of e-mail would feel inexplicable and easily ignores. The defendant has never been sued before abroad, it is difficult for the defendant to expect that the service of email will affect its significant right and interest. Therefore, the defendant held that the plaintiff's judgment should be vacated due to the unclear content of service.

Thirdly, the plaintiff's electronic service of legal documents does not meet the requirements of the Hague Convention on service of legal document("Hague Convention").

Article 1 of the Hague Convention states at the beginning that this Contracting State shall serve legal documents in accordance with the provisions of this Convention. This is a mandatory provision for all Contracting States, and the United States, as a member of the Contracting States, should also comply with the Convention. The Hague Convention did not authorize Member States to serve legal documents by e-mail. The defendant also did not declare it agrees to accept service via email. China also does not allow legal documents to be served by email. The plaintiff bypassed the Hague Convention and served directly by e-mail without diligently trying to use the method of service stipulated in the Hague Convention. Therefore, the service by plaintiff violated the principle of due process.

Further, realistically speaking, there were several kinds of service of legal documents, including temporary restrained order, summons, preliminary injunction, and motion for default judgment, et, al. As to Temporary restrained order, even if Plaintiff had its reasons to successfully establish that a Temporary Restrained Order could be served by e-mail to address the urgent need to stop accused activities in order to avoid irreparable damage to plaintiff, it does not mean that plaintiff could serve all legal documents other than temporary restrained order. If any American plaintiff could serve legal documents to foreigners by electronic service without any restriction, then the Hague Convention on service would not

exist. The plaintiffs can apply the American law to all defendants who do not live in the United States, and regardless of the legal rules of the country where the defendant is located. This is an act of disrespect for the judicial sovereignty of other countries.

China has always been providing judicial assistance to other countries in accordance with the Hague Service Convention and other international treaties. what's more, the Ministry Of Justice Of China has early established an online platform www.ilcc.online for international judicial assistance. The plaintiff can efficiently and reliably use this platform to request assistance delivery.

Additionally, Plaintiff's basis of service is Fed. R.Civ. P.4 (f) (3), the clause is located in the third paragraph of fed. R.Civ. P.4 (f), that is, formally, only when the first two clauses of fed. R.Civ. P.4 (f) cannot be applied can fed. R.Civ. P.4 (f) (3) be applied. If any plaintiff can directly apply the third paragraph regardless of first two clauses, then the first two clauses would not exist. R.Civ. P.4 (f) (3) is only a supplementary clause, which is formulated to solve the plaintiff's difficulties in service of documents, and to ensure that the plaintiff can obtain sufficient relief. However, if the U.S. procedural law authorizes the plaintiff to use fed. R.Civ. P.4 (f) (3) arbitrarily without any restrictions, it will damage the procedural rights and interests of the defendant. At this point, Plaintiff's service violated the due process because it did not exhaust the possibility of applying fed. R.Civ. P.4 (f) (1) and fed. R.Civ. P.4 (f) (2).

In short, the judgment should be vacated due to improper service by the plaintiff.

Therefore, based on above, defendant hereby respectfully requests the court to vacate the judgment order, alternatively, modify the compensation in the judgment deemed appropriate by the court.

**Respectfully Submitted**
**/s/**房红芳(Fang Hong Fang)
**Email:** johnseller@yeah.net; dekanhuan55819@163.com
**Address:** 101, zone 5, one city center, Donghuan 1st Road, Longhua District, Shenzhen,China.
**Phone Number:**151-3558-6336
Pro Se Litigant

【Exhibit 1】

amazon

尊敬的 YIISU995：您好！

根据 Amazon 商业解决方案协议第 3 条的规定，我们已经停用了您的亚马逊卖家账户。您的商品已被移除，等待中订单已被取消。

为什么会发生这种情况？
我们采取此措施是因为我们可用的信息表明您在确认发货后尚未配送订单。请查看亚马逊关于账户状况 (https://sellercentral.amazon.com/gp/help/G200205250) 和卖家行为准则 (https://sellercentral.amazon.com/gp/help/G1801) 的政策。

您的账户被误停？
如果您认为您的账户被错误停用，请发信说明情况。您的说明应包含以下信息：
-- 证明您的账户符合亚马逊卖家行为准则和"监控您账户状况"政策的证据或示例。
-- 证明您的订单已发货和已完成配送的证据或示例。

如何发送要求的信息？请将这一信息提交至 selling-partner-action-review@amazon.com。

在收到本通知后的 90 天后，您可以联系 disbursement-appeals@amazon.com，单独申请付款。我们将进行单独调查以评估您的账户，如果我们确认欺诈行为或发现您从事欺骗性或非法活动，或滥用我们的系统或一再违反我们保护买家和销售伙伴的政策，我们有可能会扣留您帐户中的部分或全部资金。

谢谢！

Amazon.com

Sincerely Seller Performance Team Amazon.com http://www.amazon.com
此电子邮件是否有用？
如果您有任何问题，请访问：卖家平台

要更改您的电子邮件首选项，请访问：通知首选项

2021 Amazon, Inc. 或其附属公司，保留所有权利。
Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210

Dear YIISU995: Hello!

Pursuant to Section 3 of the Amazon Business Solutions Agreement, we have deactivated your Amazon seller account. Your item has been removed and the pending order has been cancelled.

Why does this happen?
We take this action because the information we have available indicates that your order has not been shipped after you have confirmed the shipment. Please review Amazon's policies on Account Status (https://sellercentral.amazon.com/gp/help/G200205250) and Seller Code of Conduct (https://sellercentral.amazon.com/gp/help/G1801).

Was your account suspended by mistake?
If you believe your account has been suspended in error, please write to explain the situation. Your description should include the following information:
-- Evidence or example that your account complies with the Amazon Seller Code of Conduct and the "Monitor Your Account Status" policy.
-- Evidence or example that your order has been shipped and fulfilled.

How to send the requested information? Please submit this information to selling-partner-action-review@amazon.com.

You may request payment separately by contacting disbursement-appeals@amazon.com after 90 days of receipt of this notice. We will conduct an individual investigation to assess your account and may detain you if we confirm fraudulent conduct or find you engaged in deceptive or illegal activities, or misuse of our systems or repeated violations of our policies to protect buyers and selling partners Some or all of the funds in the account.

【Exhibit 2】



【Exhibit 3】



【Exhibit 4】



【Exhibit 5】

