IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br><br> Plaintiff, <br><br> v. <br><br> Womens Dresses -YIISU, <br><br> Defendant(No.121). | Case No. 21-cv-02525 <br><br> Honorable Gary Feinerman |

FILED 6/17/2022 SH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## MOTION TO VACATE PRELIMINARY INJUNCTION ORDER

Defendant Womens Dresses -YIISU[1] is a Amazon store created by a Chinese individual named 房红芳(Fang Hong Fang). The plaintiff sued the defendant on the ground of defendant's infringement of plaintiff trademark "DEF LEPPARD".The defendant hereby respectfully requests the Court to vacate Preliminary Injunction Order deemed appropriate. The defendant shows the causes below:

1.**The plaintiff is unlikely to prevail on the merits.**
Firstly,according to the evidence(See Figure 1) provided by the plaintiff on February 19, 2022, the defendant firmly believes that it did not infringe the plaintiff's trademark right, because this product only took many rock band names as elements, and the plaintiff's "DEF LEPPARD" accounted for only a very small part of them. The defendant did not take the "DEF LEPPARD" as a trademark here, nor did it show consumers that the accused product came from the plaintiff. The defendant's use of the "DEF LEPPARD" could not confuse consumers, and the defendant has clearly showed to consumers that the brand of the accused product is "YIISU". From the name of the accused product, "DEF LEPPARD" is descriptive and reflects the nature of the product itself. (See Figure 1).It cannot rule out the fair use of others.



(Figure 1)

---

[1] Note: At this time, defendant's store name "Womens Dresses -YIISU" was changed to " Clarayan".

On the other hand, the plaintiff didn't make a clear statement, such as, whether the scope of trademark protection registered by the plaintiff covered this type of products, how the defendant infringed the plaintiff's trademark, and how the defendant confused consumers about the source of products. The plaintiff did not state whether it was appropriate to bring the more than 200 defendants together, nor did it provide evidence to prove that the plaintiff had the same or similar products. The plaintiff sued all the sellers who used "DEF LEPPARD", generally claiming that the defendant infringed its trademark right, but it did not diligently review whether the defendant really infringed before filing a lawsuit.

Secondly, the defendant believes the plaintiff failed to establish the jurisdiction of the Court over the defendant. In the past two years, the defendant has only sent 14 orders for the accused products to the United States. The defendant believes that its contact with the United States is very slight, and the plaintiff has not submitted enough materials to meet the minimum contact standard required by the long arm statute of the United States, especially in Illinois. The defendant found that only one order had been sent to Illinois, and this order was placed by plaintiff 【Exhibit 1】. The defendant believes that the plaintiff could not establish the minimum contact between the defendant and Illinois in this way of "fishing purchase". Especially in this era of rapid development of the Internet, residents anywhere on the earth can easily access to the online store to purchase products. If the plaintiff's "fishing purchase" can establish jurisdiction of the local jurisdiction over the online seller, it will lead to countless foreign sellers being dragged to the U.S. court for trial, even if accused sellers never planned to do business in Illinois.

The plaintiff's unilateral act should not become the connection point between the defendant and Illinois, otherwise it may induce more and more plaintiffs (commercial competitors) to initiate litigation in the local court by "fishing purchase" in order to achieve the real purpose of unfair competition, which will seriously affect the normal international trade order.

Besides, defendant never travelled to United States. Defendant's store was not registered in Illinois. Defendant has no regular and established place of business in Illinois. Defendant did not maintain any offices, employees, or telephone listings in Illinois. Defendant has no manufacturing facility or distribution facility in Illinois. Defendant does not maintain any bank accounts in Illinois.

In short, the defendant believes that The plaintiff is unlikely to prevail on the merits.

**2. The loss suffered by the defendant was greater than that of the plaintiff, and the interests of both parties were unbalanced.**

The defendant only made small sales of accused products and should not bear such a huge amount of compensation. According to the evidence of the plaintiff, it appears that the ASIN of the accused product is "B08XK5ZH2S". According to this ASIN, The defendant searched the products associated with this ASIN and found that only 14 orders had been generated in total, and accordingly obtained $321.43 【Exhibit 2】. The defendant's store mainly engaged in clothing business, and the accused products accounted for only a small part of it. The defendant did not deliberately engage in the accused activities. The defendant's products were sold for a short time and made very little profit.

However, Plaintiff moved to restrain defendant's account, in which Defendant has $113,974 restrained funds, Most of them are irrelevant to accused product.

However, Due to improper injunction, the defendant's store was restricted and all funds in the store account were frozen. The defendant sold kinds of products in the store, accused product accounted for only one of them. Amazon platform has removed listings of accused product and the defendant will no longer offer it for sale again. The defendant didn't cause irreparable damages to the plaintiff, and there is no risk of irreparable damage to the plaintiff without injunction. Additionally, improper injunction has caused the defendant has no sufficient cash flow to pay its products suppliers.

**4. The injunction will harm the public interest.**

In fact, the improper injunction initiated by the plaintiff has seriously damaged the legitimate interests of the Defendant and consumers who have paid and placed orders. Consumers purchased other products which is nothing with accused products from the defendant, but because of the Preliminary Injunction Order, the defendant was unable to operate the store normally and cannot continue to meet the needs of consumers. The injunction will harm the public interest.

Therefore, based on above, the plaintiff failed to fully satisfy the standards of entry of Preliminary Injunction Order. The defendant hereby respectfully requests the court to vacate Preliminary Injunction Order deemed appropriate.

**Respectfully Submitted**
**/s/**房红芳(Fang Hong Fang)
Date:2022/06/17
**Email:** johnseller@yeah.net
**Address:** 101, zone 5, one city center, Donghuan 1st Road, Longhua District, Shenzhen,China.
**Phone Number:**151-3558-6336
Pro Se Litigant

【Exhibit 1】



【Exhibit 2】

