IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALI GEGE STORE, et al., <br><br> Defendants. | Case No. 21-cv-02525 <br><br> **Judge Gary Feinerman** <br><br> **Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT WOMENS DRESSES -YIISU FOR COMMITTING FRAUD ON THE COURT**

Plaintiff Bludgeon Riffola Ltd. ("Plaintiff" or "Bludgeon Riffola"), by its counsel, moves this Honorable Court to enter sanctions against Defendant Womens Dresses -YIISU ("Defendant") for committing fraud on the Court.

**INTRODUCTION**

Plaintiff's investigation has confirmed that the same individual ghost-writing documents filed in this case on behalf of Defendant Womens Dresses -YIISU has ghost-written and filed similar documents for at least sixteen other "*pro se*" defendants in eleven cases filed in this District. Such widespread ghost-writing of pleadings to obtain deference that is typically afforded to *pro se* litigants is fraudulent and fundamentally unfair. This Court should not tolerate a person with legal training hiding in the shadows, drafting pleadings for defendants, and filing the documents under the guise of "*pro se.*" *See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) (finding that the defendant and ghost writer committed fraud on the court and entering judgment against defendant). Such misrepresentations amount to the

1

unauthorized practice of law[1] and fraud on the Court. Sanctions are appropriate to punish and deter such conduct. As such, Plaintiff requests an order striking Defendant's filings [77], [78], [87], [88], [96] and vacating the Court's June 6, 2022 Order that vacated entry of default and default judgment against Defendant based on Defendant's misrepresentation as a "*pro se* litigant." [95]. Alternatively, Plaintiff requests that the Court, at a minimum, vacate its ruling that "Defendant has good cause for the default" [95] as a foreign *pro se* Defendant since Defendant's court filings were ghost-written.

## BACKGROUND

### I. Procedural Background

On July 19, 2021, this Court entered default judgment [70], [71] against the Defendant. Eight months later, an individual filed a filed a *pro se* appearance [77] and a Motion to Vacate Judgment Order [78] on behalf of Defendant. Several other documents were filed in this case on behalf of Defendant, including [87], [88]. Defendant has violated multiple orders from this Court, including by refusing to participate in hearings. *See* [94]. On June 6, 2022, this Court ruled that "Defendant has good cause for the default given that it a foreign *pro se* litigant," and granted in part and denied in part without prejudice the Motion to Vacate Judgment Order [78]. *See* [95]. Defendant has since filed a Motion to Vacate Preliminary Injunction Order. [96].

### II. PDF Metadata Analysis

In addition to the email address provided to Plaintiff by Amazon.com, dekanhuan55819@163.com, Defendant's appearance included the email address

---

[1] Over the past year, Plaintiff's counsel has encountered over 25 licensed U.S. attorneys that represented China-based e-commerce sellers, many on a regular basis. As such, there are plenty of U.S. licensed attorneys for China-based e-commerce sellers to obtain representation.

Johnseller@yeah.net.[2] [77]. As expected, Defendant's filings [78] and [88] share a number of common unique identifiers. PDF metadata[3] for each of these files identifies the author[4] as "GA310" and that the files were produced using Neevia PDF Stamp v4.0. Declaration of Isaku Begert ("Begert Declaration") at ¶ 2. The filings have the same look and feel including the use of the Calibri font and a center-aligned signature block that explicitly points out that Defendant is a *pro se* litigant. *Id.* Despite purportedly being a *pro se* litigant, the documents refer to Defendant in the third person. *Id.* The documents also read like they were drafted by a lawyer with legal training, including citations to specific U.S. statutes and unpublished cases from multiple different district courts. *Id.*

Plaintiff's investigation has identified documents filed on behalf of sixteen other "*pro se*" defendants in eleven cases that all have these same unique identifiers. *Id.* at ¶ 3; *see* Table 1 *infra*. Specifically, PDF metadata for each of the eleven other "*pro se*" filers shows that the filings were also authored by "GA310" and produced using Neevia PDF Stamp v4.0. *Id.* Each of these filings has other similar features, including font, referring to defendants in the third person, layout and center-aligned signature blocks. *Id.*

---

[2] Yeah.net is a commonly used China-based free email service.

[3] *See* Tiwari, Ashish, *What is PDF Metadata: Everything You Need to Know*, CommonLook, https://commonlook.com/pdf-metadata-definition-view-edit-change-remove-importance/ (May 13, 2020). To view metadata for a PDF file in Adobe Acrobat, choose File > Properties and click the tab in the Document Properties dialog box.

[4] Metadata is unique to the individual user. For example, the metadata Author field for the Complaint [1] PDF is "twoodworth" (a paralegal for Plaintiff's law firm) and the PDF Producer is Acrobat Distiller 17.0. The USPTO trademark report [9] PDF metadata Author is US Courts and the PDF producer is Acrobat Distiller 8.2.3.

| No. | NDIL Case No and Docket No. | Filing | Defendant Name |
|---|---|---|---|
| 1 | 21-cv-05331 [60] | Opposition To Plaintiff's Motion For Default Judgment | Athli, Frroy and LierTOUR |
| 2 | 21-cv-05331 [62] | Response to Plaintiff's Motion For Default Judgment and Complaint | chuyanxi |
| 3 | 21-cv-05339 [45] | Reply to plaintiff's response | Di Long |
| 4 | 21-cv-05339 [55] | Motion To Modify Judgment Order | HAOCHEN |
| 5 | 21-cv-06162 [38] | Opposition To Plaintiff's Motion For Preliminary Injunction Order | JOLLGII |
| 6 | 21-cv-05331 [28] | Opposition to plaintiff's motion to extend temporary restraining order | Keeplus2021 |
| 7 | 21-cv-05331 [63] | Answer to plaintiff's complaint | Lin Qinlan, Athli, Frroy and LierTOUR |
| 8 | 22-cv-02450 [34] | Opposition To Plaintiff's Motion for Preliminary Injunction Order | Luo Dan |
| 9 | 21-cv-05331 [36] | Motion for relief | MANmanDanta |
| 10 | 22-cv-02705 [38] | RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ORDER | drindf |
| 11 | 22-cv-01172 [36] | Opposition To Plaintiff's Motion for Preliminary Injunction Order | Kingspinner 715 days |

*Table 1*

### III. Email Address Analysis

Multiple email address overlap and connections exist between Defendant and the other purported *pro se* defendants listed in Table 1 above. For example, prior to filing the Motion to Vacate Judgment Order [78], Defendant contacted Plaintiff's counsel from the email address dekanhuan55819@163.com, but also copied the email address cdzvrbxtg@yeah.net. Begert Declaration at ¶ 4; Figure 1, *infra*. The email address cdzvrbxtg@yeah.net was also used by defendant HAzhenha that appeared in NDIL Case No. 21-cv-05339 and both use the @yeah.net email service. *See* Begert Declaration at ¶ 4; Figure 2, *infra*.

4

> **From:** dekanhuan55819@163.com <dekanhuan55819@163.com>
> **Sent:** Thursday, February 17, 2022 6:26 AM
> **To:** attorney@gbcinternetenforcement.net; Isaku Begert <ibegert@gbc.law>; cdzvrbxtg@yeah.net
> **Subject:** 21-cv-2525; Bludgeon Riffola, Ltd. v. The Partnerships; Clarayan ( Account: AGKXCV86IEF2H )
>
> Counsel,
>
> We hope the message finds you well. Amazon said that you sued the store for intellectual property infringement, making the store account inactive. We need to reach a settlement with you in order to reactivate the store. Can you please let us know the cause of action? And how you can release the store ?
>
> Looking forward to your reply,
>
> The Defendant Clarayan ( Account AGKXCV86IEF2H )

*Figure 1*

> **From:** cdzvrbxtg <cdzvrbxtg@yeah.net>
> **Sent:** Sunday, February 13, 2022 11:45 PM
> **To:** Isaku Begert <ibegert@gbc.law>
> **Cc:** Marcella Slay <mslay@gbc.law>; Justin Gaudio <jgaudio@gbc.law>
> **Subject:** Re: HAzhenha - Settlement Demand - PEANUTS 21-cv-5339; GBC 6904*146852
>
> Isaku,
>
> See attached payment vouchers, please confirm whether you have received the funds, then release the store.
>
> Thank you,
>
> Liu

*Figure 2*

Defendant has also contacted Amazon multiple times seeking release of its account. Begert Declaration at ¶ 5. In doing so, Defendant was knowledgeable enough to direct the email to Amazon's outside counsel that processes such court orders, including one of the specific paralegals that handles such requests. *Id*. Other defendants listed in Table 1, all of which are directly connected to Defendant based on unique metadata, have sent similar emails directly to Amazon's outside counsel. For example, Defendant 11 (Kingspinner 715 days) sent emails directly to Amazon's outside counsel from email address ipcounsel@yeah.net ("ip" is a common abbreviation for intellectual property). *Id*. at ¶ 6. The same ipcounsel@yeah.net email address similarly

5

contacted Amazon's outside counsel for twelve different defendants in NDIL Case No. 21-cv-05863. *Id*. The email address ipcounsel@yeah.net was also copied on an email to Plaintiff's counsel for Defendant Viccki in NDIL Case No. 21-cv-01986. *Id*. at ¶ 7. Defendant Viccki filed a "*pro se*" Motion to Dismiss that has the same unique similarities as the filings for Defendant in this case and the defendants in Table 1 except that the metadata author field was left blank. *Id*.

## ARGUMENT

**I.     Ghost-Writing Filings For *Pro Se* Litigants Is Not Permitted**

The practice of attorneys "ghost-writing" briefs on behalf of *pro se* litigants raises serious issues of professional misconduct and has been condemned by several courts. *See Chriswell v. Big Score Ent., LLC*, 2013 WL 315743, at *4 (N.D. Ill. Jan. 28, 2013) (citing *Ricotta v. California*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998) ("Attorneys cross the line … when they gather and anonymously present legal arguments, with the actual or constructive knowledge that the work will be presented in some similar form in a motion before the Court. With such participation the attorney guides the course of litigation while standing in the shadows of the Courthouse door.")); *see also In Art Ask Agency v. The P'ships*, No. 21-cv-06240 (N.D. Ill. Apr. 5, 2022) (Dkt. No. 46) (unpublished) ("Based on the Court's review of defendant's motion to dismiss and supporting papers the Court has strong reason to believe that they were drafted by or with the assistance of an attorney. If so, this raises serious ethical and professional conduct issues."). "This is because such conduct circumvents the requirements of Federal Rule of Civil Procedure 11, which obligates members of the bar to sign all documents submitted to the court, and to personally represent that there are grounds to support the assertions made in each filing." *Chriswell*, 2013 WL 315743, at *4.

Ghost-written briefs also raise issues of fundamental fairness. *Chriswell*, 2013 WL 315743, at *4. Federal courts are generally required to give *pro se* litigants greater latitude than litigants

6

who are represented by counsel. *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Thus, it would be patently unfair for a *pro se* litigant to benefit from the less stringent standard applied to *pro se* litigants if, in fact, they are receiving substantial behind-the-scenes assistance from counsel. *Chriswell*, 2013 WL 315743, at *4. Those who participate in ghost-writing, including the lawsuit party and ghost-writer, have committed fraud on the court. *See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) ("this Court concludes by a preponderance of the evidence that [Defendant] – and whoever the lawyer is who remains hidden in the shadows – has committed a fraud on the Court.").

## II. Defendant's Ghost-Written Filings Are Part of a Widespread Ghost-Writing Campaign By An Unknown Individual With Legal Training

The evidence establishes a widespread pattern in over a dozen cases of fraud on the court by a person with legal training that has filed papers for *pro se* litigants. First, the filings in this case read like they were drafted by an attorney or someone with significant legal training, who did not reveal himself or herself and did not enter an appearance on the docket. *See Chriswell*, 2013 WL 315743, at *4 ("Chriswell's brief contains robust legal analysis and argument that is indicative of a licensed attorney's work."); *Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 2, 2022) (Dkt. No. 78) (unpublished) ("the filings by [Defendant] reflect a high level of sophistication, expertise, and familiarity with complicated legal issues, and the caliber of the filings is not consistent with a *pro se* litigant in a foreign country who is 'unfamiliar with the American legal system.'"). Specifically, Defendant's filings included developed legal argument with citations to specific U.S. statutes and unpublished cases. *See* [78], [88]. The caliber of Defendant's filings is not consistent with a "foreign *pro se* litigant." [95]. Despite this purported familiarity with the English language, the U.S. legal system and relevant legal issues, Defendant did not participate in the June 7, 2022 status hearing. [94].

PDF metadata analysis confirmed that the same individual that authored Defendant's filings [78] and [88] has made similar filings for at least sixteen other defendants in eleven other cases. *See* Table 1, *supra*. The filings have the same look and feel, refer to the defendant in the third person, and include other similar features such as the Calibri font and a center-aligned signature block. Begert Declaration at ¶ 3. Additionally, some of the signature blocks explicitly point out that the defendant is a *pro se* litigant, even though the text of the documents themselves refer to the defendant in the third person. *Id.* All of the filings were also produced using the same PDF program and version number — Neevia PDF Stamp v4.0. *Id.* Defendant's filings and the filings in Table 1 are also connected through multiple email addresses using the @yeah.net free email service, including ipcounsel@yeah.net, who are savvy enough to know the direct contact at Amazon's outside counsel. *See id*. at ¶¶ 4-7.

### III. Sanctions Are Appropriate To Remedy Defendant's Misconduct and Deter Future Widespread Ghost-Writing

Given the willful nature of Defendant's actions, striking Defendant's filings and this Court's previous Order vacating entry of default and default judgment [95] is the only appropriate sanction. *See Pink Floyd (1987) Ltd. v. P'Ships*, No. 21-cv-03339 (N.D. Ill. Jun. 22, 2022) (Dkt. No. 78) (unpublished) (finding that the defendant and ghost writer committed fraud on the court and entering judgment against defendant). As other courts have discussed, ghost-written pleadings can result in disciplinary proceedings and sanctions. *Gajewski v. Ocwen Loan Servicing, LLC*, 2015 WL 3961611, at *2 (N.D. Ill. Jun. 25, 2015) (unpublished) (citing *Chriswell*, 2013 WL 315743, at *4), *aff'd sub nom. Gajewski v. Ocwen Loan Servicing*, 650 Fed. Appx. 283 (7th Cir. 2016).

Courts have found that sanctions in the form of striking filings and ordering a party to identify the ghost-writer are appropriate. *Chriswell*, 2013 WL 315743, at *4 (citations omitted)

(noting that courts have considered disciplinary proceedings and sanctions, refused to accept the plaintiff's complaint, or ordered the *pro se* plaintiff to disclose the identity of the person who had been assisting her in drafting her pleadings); *Thigpen v. Banas*, 2010 WL 520189, at *2 (N.D. Ill. Jan. 28, 2013) (striking the plaintiff's amended pleading); *Johnson v. City of Joliet*, 2007 WL 495258 at *3 (N.D. Ill. Feb. 13, 2007) (ordering a plaintiff to disclose to the court in writing the identity, profession and address of the person who has been assisting her, as "[w]e suspect that Johnson is working with an unidentified attorney, although it is possible that a layperson with legal knowledge is assisting her. Regardless, neither scenario is acceptable").

Here, striking Defendant's filings and vacating the Court's previous Order to vacate entry of default and default judgment [95] as to Defendant is the appropriate sanction. This relief is appropriate because it will return the parties to their former state prior to Defendant's fraudulent pleadings being filed and will deter similar actions in this case as well as in other cases in this District.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter sanctions against Defendant. Plaintiff requests an order striking Defendant's filings [77], [78], [87], [88], [96], and vacating the Court's June 6, 2022, Order that vacated entry of default and default judgment against Defendant based on Defendant's misrepresentation as a "*pro se* litigant." [95].

9

Dated this 22nd day of June 2022.   Respectfully submitted,

/s/ *Justin R. Gaudio*
Amy C. Ziegler
Justin R. Gaudio
Isaku M. Begert
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ibegert@gbc.law

*Counsel for Bludgeon Riffola, Ltd.*