IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALI GEGE STORE, et al., <br><br> Defendants. | Case No. 21-cv-02525 <br><br> **Judge Gary Feinerman** <br><br> **Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff Bludgeon Riffola Ltd. ("Plaintiff"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel defendant Womens Dresses -YIISU ("Defendant") to provide responses to Plaintiff's Interrogatories and to produce documents responsive to Plaintiff's Requests for the Production of Documents and Things. The limited discovery sought by Plaintiff is necessary to respond to Defendant's Motion to Vacate Preliminary Injunction [96].

**BACKGROUND**

On August 25, 2022, Plaintiff served Interrogatories ("Interrogatories") and Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant pursuant to Paragraph 6 of the Preliminary Injunction Order [36]. *See* Declaration of Justin T. Joseph (the "Joseph Decl.") at ¶ 2. Among other things, Plaintiff requested information related to: (1) Defendant's identity and business registrations; and (2) Defendant's sales of its products, including digital images of each item sold by Defendant to determine whether or not it was infringing. *See Id*. On August 29, 2022, Defendant provided responses to Plaintiff's discovery requests. *Id*. at ¶ 3. Defendant's responses did not include any objections to Plaintiff's discovery requests. *Id*.

1

However, Defendant did not respond to multiple requests, including requests to provide information to corroborate his identity and sales information. *Id*.

Specifically, RFPs Nos. 1-3 and Interrogatory No. 1 requested information related to Defendant's identity and business registrations. *Id*. at ¶ 2. For example, Interrogatory No. 1 requested Defendant to "[i]dentify [himself], including but not limited to, identifying the owner(s) and/or operator(s) of Defendant's E-commerce Store(s)." *Id*. Moreover, RFP No. 2 further requested "Documents, electronically stored information, and things showing Your business registration information." *Id*. Defendant both refused to disclose their identify and to produce information and/or documentation subject to the aforementioned requests. *Id*. at ¶ 3.

RFPs Nos. 5-7 requested information related to Defendant's offering for sale and/or sale of products to the United States. *Id*. at ¶ 2. For example, RFP No. 5 asked Defendant to provide "[d]ocuments, electronically stored information, and things sufficient to show all products sold by [Defendant] to the United States through Defendant's E-Commerce Store since the beginning of this Lawsuit and three years prior." *Id*. Plaintiff further requested, through RFP No. 7, that Defendant produce "[d]ocuments and electronically stored information relating to each product sale to the United States by [Defendant], including, but not limited to, invoices and receipts." *Id*. In response to these requests, Defendant produced self-assembled charts that displayed products he allegedly offered for sale, as well as a snapshot from Amazon displaying four sales dated from 2019. *Id*. at ¶¶ 3-4.

### Local Rule 37.2 Meet and Confer Certification

On August 31, 2022, Plaintiff notified Defendant of the deficient responses to Plaintiff's Discovery Requests and setup a LR37.2 conference for September 1, 2022 at 9:00 a.m. central time ("CT"). Joseph Decl. at ¶ 4. At approximately 3:20 a.m. CT, Defendant sent an email to

Plaintiff indicating that he was refusing to produce the requested information. *Id*. Defendant also provided supplemental discovery responses, but the responses were still grossly insufficient. *Id*. Additionally, Defendant continued to exploit his "pro se" status by refusing to participate in the conference because of an inability to "understand spoken English." *Id*. However, Defendant was operating an English language Amazon.com store that sold over 10,000 products with over $100,000 (and likely much more) in sales and is subjection to personal jurisdiction in this Court. *See NBA Properties, Inc. v. HANWJH*, 2022 WL 3367823 (7th Cir. 2022). As such, Defendant has a responsibility to either obtain a translator or hire a U.S. attorney to meet participation obligations for this case related to his chosen business of selling products to the United States.

Defendant did not attend the conference on September 1, 2022. *Id*. Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

## ARGUMENT

**I.  Legal Standard**

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

**II.      This Court Should Order Defendant to Produce the Requested Information**

       *A.      Information and Documentation Regarding Defendant and its Business*

Defendant has refused to provide complete responses to Interrogatory No. 1 and RFPs Nos. 1-3, which requested information related to Defendant's identity and business registrations. Joseph Decl. at ¶¶ 2-3. Defendant is known by multiple aliases, including at least "Fang Hong Fang", "chenghuaqushichuangwangluokejigongzuoshi", "Womens Dresses -YIISU", "and "Clarayan". [77]; [78] at n.2; *see also* [15]; [81-1] at p. 3. Likewise, the address Defendant provided on its Amazon page was "chenghuaqushuanglinzhonghenglu34hao, chengdushi, sichuansheng, 610000, CN." *See* Joseph Decl. at ¶ 5. However, the "Fang Hong Fang" address provided is "101, zone 5, one city center, Donghuan 1st Road, Longhua District, Shenzhen, China." [77]. Plaintiff has not received documentation related to Defendant's business registrations, nor any documentation regarding the business's financial accounts. Joseph Decl. at ¶ 3.

Plaintiff needs this information to verify Defendant's identify, which in turn will enable Plaintiff to discover whether Defendant operates other websites and/or e-commerce stores that also sell Accused Products. If Defendant does operate other websites and/or e-commerce stores that also sell Accused Products, Plaintiff's potential remedy may be affected. *See Maui Jim, Inc. v. Smartbuy Guru Enters*., No. 16 C 9788, 2018 U.S. Dist. LEXIS 24684, at *7-8 (N.D. Ill. Feb. 14, 2018) ("[t]he discovery Plaintiff seeks is directly relevant to proving up its trademark claims and responding to Defendants' anticipated arguments designed to minimize any monetary recovery that Plaintiff may seek or be able to support under the Lanham Act."). An individual defendant

4

who is subject to a suit should not be permitted to shield their identify from the Court, which effectively deters Plaintiff's ability to conduct relevant discovery.[1]

   B.  *Information and Documentation Regarding Defendant's Sales and Products Offered for Sale*

  Defendant has not provided complete responses to RFPs Nos. 5-7, which included requests for information and documentation related to Defendant's product listing and sales in the United States. Joseph Decl. ¶¶ 2-3. Defendant only provided a self-constructed charts in his initial and supplemental response which displayed various products he allegedly offers for sale. *Id*. at ¶¶ 3-4. Defendant further produced a single screenshot of an Amazon page that displayed a total of four sales from 2019. *Id*. at ¶ 3. The information provided is insufficient for determining whether Defendant offers, or has sold, additional Accused Products. *See Ent. One UK Ltd. v. 2012Shiliang*, 384 F. Supp. 3d 941, 953 (N.D. Ill. 2019) ("Each Defendant claims to have sold only one Peppa Pig cookie cutter—to Plaintiff's investigator. This coincidence strains credibility.").

  Moreover, Defendant refused to perform any search to determine how many total infringing products were sold on Defendant's E-Commerce Store or on any of the other e-commerce stores that Defendant may operate. *Id*. Since the DEF LEPPARD Trademarks were featured only on the Counterfeit Product itself and not in the product title, there is no way to determine if other transactions were for products bearing the DEF LEPPARD Trademarks absent visual inspection. Likewise, there may have been infringing listings that were sold and no longer active before Plaintiff learned of the accused product. Defendant also refused to turn over a complete listing of images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing. *Id*. It is not unreasonably

---

[1] Paragraph 6 of the Preliminary Injunction Order authorized Plaintiff to request information related to "the identities and locations of Defendants… and any persons acting in concert or participation with them, including all known contact information…" *See* [36].

burdensome for Defendant to perform a search and provide information and documentation regarding products that were listed for sale on its Amazon store. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data). Defendant should not be able to selectively determine what information he wants to turn over and withhold relevant information regarding his sales.

As such, Defendant's disclosure is egregiously inadequate in light of their significant sales volume, and Defendant should not be allowed to withhold relevant information regarding his extensive sales in the United States.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court compel Defendant to provide full and complete responses to Plaintiff's Interrogatories and to produce documents responsive to Plaintiff's Requests for the Production of Documents and Things.


Dated this 2nd day of September 2022.   Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Bludgeon Riffola Ltd.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the parties of record in this case, including Defendant Womens Dresses -YIISU..

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Bludgeon Riffola Ltd.*
