IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br>     Plaintiff, <br> v. <br> Womens Dresses -YIISU, <br>     Defendant (No.121). | Case No. 21-cv-02525 <br> Honorable Gary Feinerman |

FILED SMB 9/3/2022 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION TO STRIKE [126]

Defendant Womens Dresses -YIISU ("I" or "Defendant"), by itself, submits this response to Plaintiff's Motion to Strike [126].

### ARGUMENT

Plaintiff moves to strike my Motions to Vacate Preliminary Injunction Order [96] and Dismiss Plaintiff's Complaint [117], Plaintiff alleges that the store is a business entity, so it is not permitted to be represented by me, the owner of the store. Plaintiff's basis is untenable, specifically:

**First**, the store is not an entity, the court "…does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–202 (1993), and this rule applies to "all artificial entities," Rowland, 506 U.S. at 202, but not to sole proprietorships (or an individual's trade name), which "have no distinct legal existence." Shulman v. Facebook.com (Inc.), 788 Fed. Appx. 882, 885 (3d Cir. 2017).

Returning to this case, the store Womens Dresses -YIISU should not be regarded as a business entity, the store is not a corporation, company, partnership or association. The store belongs to me only, it has no distinct legal existence, it is just a property and a tool for my business, I have all rights to the store and bear all responsibilities for the operation of the store.

**Second,** the Court for the northern district in Illinois also repeatedly recognized that the defendants can represent their stores to file answer and motion, such as case RUBIK'S BRAND, LTD V. The DOES (20-cv-5338. DKT 73. Judge John J. Tharp, Jr) (Amazon seller Guo Fei（郭飞）represented his store named Yoyoly to file his motion and the court granted his motion to dismiss plaintiff's complaint.);

See also case Doe v. The Partnerships (Case No.21-cv-06222), an Amazon seller Xu Deren represented her store ZoZoplay to file her response. The court states as follows on May 4, 2022[Dkt.44]:

*"…According to her (Defendant's) response, Chinese sole proprietorship law*

1

*imposes personal liability on the sole proprietor. The Court finds Deren's affidavit is sufficient, and ZoZoplay is akin to a sole proprietorship in the United States because Deren is personally liable for its liabilities and debts. Moreover, it is well settled that the proprietor of a sole proprietorship may proceed pro se on behalf of the sole proprietorship when it is sued under its trade name. See United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) ("A sole proprietorship may litigate pro se, because it has no legal identity separate from the proprietor himself.").Because ZoZoplay's legal status is a sole proprietorship, it has no separate legal identity from Deren, and ZoZoplay can proceed in this case through Deren pro se. ".*

**Third,** the plaintiff made an assertion without any factual basis that my store is an entity. If the plaintiff's logic holds, then in the future, it means that all online sellers could not participate in litigation on behalf of their stores, which is unfair to the accused Chinese individual sellers, especially those small sellers with weak economic strength, because they can't afford to hire lawyers to respond to the lawsuit, neither would they have chance to respond by themselves, they would have to accept plaintiff's unreasonable demands for release of their stores, otherwise they would be judged by default.

**Fourth,** I have presented a meritorious defense in my Motion to Dismiss [117] and Response [125]. On the other hand, up to now, Plaintiff failed to present full evidence to demonstrate it has substantial likelihood of success on the merits, Plaintiff failed to state a claim under Rule12(b)(6), instead, Plaintiff has been using the procedural rules unreasonably to strike defendant and take over defendant's restrained funds[1]. However, to a large extent, the accused activity didn't constitute infringement of trademark, this may be a wrong and invalid lawsuit initiated by Plaintiff in fact.

**As such**, Defendant respectfully requests the court deny plaintiff's Motion, and formally set schedules for Defendant's Motions to Dismiss [117] and Vacate Preliminary Injunction [96] to review the case on the merits.

Dated: September 3, 2022.

**Respectfully Submitted**
/**s**/房红芳(Fang Hong Fang)
**Email:**johnseller@yeah.net;
**Address:** one city center, Donghuan 1st Road, Longhua District, Shenzhen,China.
**Phone Number:**151-3558-6336
Pro Se Litigant

---

[1] On August 25,2022, my restrained funds of $113,862.24 were transferred to Plaintiff by Amazon under Plaintiff's previous instruction, Plaintiff admitted that. So far, Plaintiff still does not return these funds to my Amazon account.