IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLUDGEON RIFFOLA LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALI GEGE STORE, et al., <br><br> Defendants. | Case No. 21-cv-02525 <br><br> **Judge Gary Feinerman** <br><br> **Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT WOMENS DRESSES -YIISU'S MOTION TO DISMISS [117]**

Plaintiff Bludgeon Riffola Ltd. ("Plaintiff" or "Bludgeon Riffola") submits the following response in opposition to defendant Womens Dresses -YIISU's ("Defendant") Motion to Dismiss Plaintiff's Complaint [117] (the "Motion to Dismiss").

## BACKGROUND

Plaintiff Bludgeon Riffola Ltd. is a limited corporation having its principal place of business in the United Kingdom. Complaint [1] at ¶ 4. Bludgeon Riffola is the company used by the English rock band Def Leppard, one of the world's best-selling bands. *Id*. Products sold under the Def Leppard brand include apparel, accessories, and other merchandise, such as posters and photos. *Id*. at ¶ 8. Plaintiff incorporates a variety of distinctive marks in the design of its various Def Leppard products. *Id.* at ¶ 10. Def Leppard products often include at least one of Plaintiff's registered trademarks (the "DEF LEPPARD Trademarks"). *Id*. The DEF LEPPARD Trademarks are exclusive to Plaintiff, and are displayed extensively on Def Leppard products, packaging, and in Plaintiff's marketing and promotional materials. *Id.* at ¶ 12. The famous Def Leppard brand has become immensely popular and has been extensively promoted and advertised at great expense. *Id.*

Defendant operates the e-commerce store named "Womens Dresses -YIISU"[1] on the Amazon.com platform ("Defendant's E-Commerce Store"). Declaration of Jake M. Christensen ("Christensen Decl.") at ¶ 2. Defendant's E-Commerce Store advertised, offered for sale, and sold the product shown in Figure 1 bearing infringing and counterfeit versions of the DEF LEPPARD Trademarks ("Counterfeit Product"). *Id.; see* Figure 1 *infra*. Plaintiff has not licensed or authorized Defendant to use any of the DEF LEPPARD Trademarks and Defendant is not an authorized retailer of Plaintiff's genuine products. [1] at ¶ 21.



*Figure 1*

---

[1] The store URL for Defendant's U.S. Amazon store is amazon.com/sp?seller=AGKXCV86IEF2H.



*Table 1*

On May 11, 2021, Plaintiff filed this lawsuit. [1]. On May 18, 2021, the Court entered a Temporary Restraining Order ("TRO") that was subsequently converted to a Preliminary Injunction [36]. On July 9, 2021, Plaintiff moved for Entry of Default and Default Judgment, including against Defendant. [39]. Final judgment was entered against Defendant on October 14, 2021. [71]. On March 8, 2022, Defendant filed its Motion to Vacate [78], which the Court granted in part. *See* [95]. On August 8, 2022, Defendant filed its Motion to Dismiss [117].[2]

## ARGUMENT

**I.  PLAINTIFF HAS PROPERLY STATED ITS CLAIM FOR TRADEMARK INFRINGEMENT. DEFENDANT'S MOTION TO DISMISS MUST BE DENIED.**

This Court found that Plaintiff demonstrated a strong likelihood of success on the merits as to Defendant when it entered the TRO [24] and the Preliminary Injunction [36]. Likewise, in a

---

[2] On September 2, 2022, Plaintiff also filed a Motion to Compel Discovery Responses [127], which has been fully briefed. See [131], [132].

3

similar motion involving another Defendant involving a nearly identical product, this Court has already found that Plaintiff has "a good argument that there was infringement." *See* [52] at pp. 2, 5-9; Christensen Decl. at ¶ 3. Hearing Transcript at pp. 3-4, Aug. 2, 2021. Finally, a motion to dismiss is not an appropriate mechanism for addressing Defendant's fair use argument. Defendant's Motion to Dismiss [117] pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.[3]

### A. Legal Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) should be granted *only* if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 335 U.S. 41, 48 (1957) (emphasis added); *see also* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring the court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 556-57. Ordinarily, fair use is not appropriate to consider on a motion to dismiss, the purpose of which is only to test the sufficiency of the pleading. *See Solid 21, Inc. v. Richemont N. Am., Inc.*, 2020 U.S. Dist. LEXIS 100453, at *14 (S.D.N.Y. June 8, 2020); See also, 2 McCarthy on Trademarks and Unfair Competition § 11:49 (5th ed. Supp. 2020) ("Because classic fair use is an affirmative defense, it is normally not appropriate for consideration on a . . . motion to dismiss for failure to state a claim."). Affirmative defenses do not warrant dismissal of a complaint pursuant to Rule 12(b)(6) except in "rare cases." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint…." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

---

[3] While Defendant's Motion to Dismiss [117] does not specify, Plaintiff construes the Motion as being brought pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     Plaintiff Has Sufficiently Pleaded Its *Prima Facie* Case of Trademark Infringement**

To succeed on a federal trademark infringement claim, Plaintiff must establish that: (1) the mark at issue is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). Plaintiffs' false designation of origin claim under Section 43(a) of the Lanham Act requires the same elements. *See Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, 2011 WL 1811446, at *5 (N.D. Ill. May 12, 2011). Plaintiff has met each of these elements. At this stage, to prevail on its claim of trademark infringement, Plaintiff must only plead facts "that plausibly could result in a successful outcome on the likelihood of confusion element of its claim." *Slep-Tone Entm't Corp. v. Coyne*, 41 F. Supp. 3d 707, 715 (N.D. Ill. 2014); *see also Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 769 (N.D. Ill. 2008) (noting that the likelihood of confusion test "is a fact-specific inquiry best left for decision after discovery").

      i.     <u>The DEF LEPPARD Trademarks Are Federally Registered</u>

Regarding the first element, Plaintiff holds U.S. federal trademark registrations for the DEF LEPPARD Trademarks. [1] at ¶ 10. The DEF LEPPARD Trademarks are valid, subsisting, and in full force and effect. *Id.* at ¶ 11. The registrations for the DEF LEPPARD Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the DEF LEPPARD Trademarks pursuant to 15 U.S.C. § 1057(b). *Id.* Plaintiff has not licensed or authorized Defendant to use any of the DEF LEPPARD Trademarks, and Defendant is not an authorized retailer of genuine Plaintiff's products. *Id.* at ¶ 21. Thus, Plaintiff satisfies the first element of its claim.

ii. Defendant Advertised, Offered to Sell, and Sold Counterfeit Products in Commerce without Plaintiff's Authorization

Defendant advertised, offered for sale, and sold products using the DEF LEPPARD Trademarks, including the stylized word mark, via Defendant's E-Commerce Store. Christensen Decl. at ¶ 2. Defendant is not an authorized retailer of genuine Plaintiff's products, and the Counterfeit Product advertised, offered for sale, and sold using the DEF LEPPARD Trademarks on Defendant's E-Commerce Store is not a genuine Plaintiff's product. *Id*.; [1] at ¶ 21. The Seventh Circuit has held that where, as here, "one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion." *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007); *see also NBA Props., Inc., et al. v. Yan Zhou, et al.*, 2017 U.S. Dist. LEXIS 148971, at *5 (N.D. Ill. Sept. 14, 2017) (internal citation omitted). Accordingly, the Court can presume a likelihood of confusion from Defendant's use of the DEF LEPPARD Trademarks.

The result is the same when considered in light of the Seventh Circuit's seven enumerated factors to determine whether there is a likelihood of confusion, which include: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and, (7) the intent of the defendant to "palm off" its products as that of another. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). No one factor is dispositive, but the similarity of the marks, actual confusion, and the defendant's intent are "particularly important." *Id.*

Plaintiff has submitted evidence showing that Defendant is using counterfeit versions of the DEF LEPPARD Trademarks, including the stylized word mark, on products not manufactured or licensed by Plaintiff. *See* Christensen Decl. at ¶ 2; [1] at ¶ 21. Both Plaintiff and Defendant

6

sell products bearing the DEF LEPPARD Trademarks to the same consumers, targeting those consumers searching for genuine Plaintiff's products. [14] at ¶¶ 8, 18-20. Thus, consumers searching for genuine Plaintiff's products (who are diverse with varying degrees of sophistication) are likely to have difficulty distinguishing genuine Plaintiff's products from Defendant's Counterfeit Product, which is not licensed or manufactured by Plaintiff. This is particularly true in this case where Defendant's Counterfeit Product was offered for sale, and sold on the Internet, where consumers cannot inspect the physical product.

Moreover, Plaintiff does not need to prove actual consumer confusion; rather it only needs to show a likelihood of confusion exists, particularly given the compelling evidence that Defendant is attempting to "palm off" its goods as genuine Plaintiff's products by using the DEF LEPPARD Trademarks. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 685 (7th Cir. 2001). In addition to point-of-sale confusion about the source of products sold on the Defendant's E-Commerce Store, the Seventh Circuit has recognized that the Lanham Act's protections also extend to post-sale confusion of potential customers. *Id.* at 683. Post-sale confusion refers to a situation in which, for example, a potential customer sees a product bearing the infringing label used by others and mistakenly attributes the product to the brand owner, thereby influencing his buying decision, either positively or negatively. *Id*. That association also constitutes infringement of the DEF LEPPARD Trademarks. *Id.* Here, because of the Defendant's unlawful use of the well-known DEF LEPPARD Trademarks, that association is likely to result.

Contrary to Defendant's assertion, the fact that the Counterfeit Product includes "other rock band names" does not prevent a finding that the Counterfeit Product is likely to cause confusion. As indicated above, the test is whether there is a likelihood of confusion between the marks. Based on the similarity of the trademarks, the overlap in consumers, and the relatedness

7

of the goods, it is very likely that a consumer would see this product and immediately associate Defendant's Counterfeit Product with Plaintiff and Plaintiff's genuine products. As such, Plaintiff's trademark infringement and false designation of origin claims are sufficiently pled.

### iii. Defendant's Use of the DEF LEPPARD Trademarks is Not Fair Use

Defendant does not dispute that it used the DEF LEPPARD Trademarks on the Counterfeit Product. *See* [117] at pp. 1-2. Instead, Defendant argues a fair use defense. *Id*. at p. 1. To establish fair use, Defendant must show that (1) it did not use the mark as a trademark, (2) the mark is descriptive of Defendant's goods or services, and (3) it used the mark fairly and in good faith. *See* 15 U.S.C. § 1115(b)(4).

Defendant fails to meet any of the above requirements. Defendant argues its use of the DEF LEPPARD Trademarks "is description and only reflects the nature of the product itself" ([117] at p. 1), yet the mark is not used to describe the product at all. Instead, Defendant uses the DEF LEPPARD Trademarks on the Counterfeit Product in an attempt to deceive consumers into believing that the product originates from, is sponsored by, or affiliated with Plaintiff. Defendant's use of the DEF LEPPARD Trademarks as an "attention-getting symbol" is more use of the marks than necessary to convey information, and instead suggests sponsorship or endorsement by Plaintiff. *World Impressions, Inc. v. McDonald's Corp.*, 235 F. Supp. 2d 831, 843 (N.D. Ill. 2005) ("plaintiff's use of the stylized form of the word 'Disneyland' and the castle design goes beyond mere nominative use"). Defendant's use of other marks or brands, in addition to the DEF LEPPARD Trademarks, does not negate its use of the DEF LEPPARD Trademarks from being a trademark use. *See Id*. at 843. At a minimum, it is premature for the Court to consider Defendant's fair use argument. *See, e.g. Caveman Foods, LLC v. Lester*, No. C 12-1587 RS, 2013 U.S. Dist. LEXIS 185237, 2013 WL 12172626, at *4 (N.D. Cal. Feb. 14, 2013) (holding that "a motion to dismiss is not the proper procedural vehicle" for adjudicating a fair use defense, "which requires

the defendant to prove each of its elements with evidence"); *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-CV-01451-VC, 2017 U.S. Dist. LEXIS 222957, 2017 WL 6334142, at *2 (N.D. Cal. Apr. 11, 2017) (refusing to dismiss trademark claims based on a fair use defense because "[t]he fair use inquiry is factually intensive" and cannot be resolved at the pleadings stage). As such, Plaintiff has plausibly alleged sufficient facts on its claim of trademark infringement, and Plaintiff's trademark infringement claim is not barred by the doctrine of nominative fair use.[4]

## CONCLUSION

Accordingly, Plaintiff respectfully requests that this Court deny Defendant Womens Dresses -YIISU's Motion to Dismiss [117].

Dated this 4th day of October 2022.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Justin T. Joseph
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Bludgeon Riffola Ltd.*

---

[4] Defendant's Motion to Dismiss also appears to argue the Complaint should be dismissed due to improper joinder of "more than 200 defendants" pursuant to Fed. R. Civ. P. 20(a)(2). *See* [117] at p. 2. However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Regardless, since the Court has already entered a Final Judgment Order against all other remaining Defendants, severing the case is moot and Defendant's Motion [117] should be denied on that basis.

9

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 4th day of October 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the parties of record in this case, including Defendant Womens Dresses -YIISU.

            Respectfully submitted,

            /s/ Justin R. Gaudio
            Amy C. Ziegler
            Justin R. Gaudio
            Jake M. Christensen
            Justin T. Joseph
            Greer, Burns & Crain, Ltd.
            300 South Wacker Drive, Suite 2500
            Chicago, Illinois 60606
            312.360.0080 / 312.360.9315 (facsimile)
            aziegler@gbc.law
            jgaudio@gbc.law
            jchristensen@gbc.law
            jjoseph@gbc.law

            *Counsel for Plaintiff Bludgeon Riffola Ltd.*