Exhibit 2

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
     BLUDGEON RIFFOLA, LTD.,        )
 4                                  )
                     Plaintiff,     )
 5                                  )
     -vs-                           )   Case No. 21 C 2525
 6                                  )
     THE PARTNERSHIPS AND           )
 7   UNINCORPORATED ASSOCIATIONS    )
     IDENTIFIED ON SCHEDULE "A,"    )
 8   et al.,                        )   Chicago, Illinois
                                    )   August 2, 2021
 9                   Defendants.    )   Time

10            TRANSCRIPT OF TELEPHONIC PROCEEDINGS
             BEFORE THE HONORABLE GARY FEINERMAN
11

12   APPEARANCES:

13   For the Plaintiff:    GREER, BURNS & CRAIN, LTD.
                           BY:  MR. ISAKU BEGERT
14   (via telephone        300 South Wacker Drive
     conference call)      25th Floor
15                         Chicago, Illinois  60606
                           (312) 360-0800
16

17

18

19

20

21
     Court Reporter:
22
                 CHARLES R. ZANDI, CSR, RPR, FCRR
23                    Official Court Reporter
                    United States District Court
24          219 South Dearborn Street, Room 2144-G
                     Chicago, Illinois  60604
25              Telephone:  (312) 435-5387
           email:  Charles_zandi@ilnd.uscourts.gov
```

1   (Proceedings heard in open court:)

2   THE CLERK: 21 C 2525, Bludgeon Riffola versus The
3   Partnerships.

4   THE COURT: Good morning. Who do we have for the
5   plaintiff?

6   MR. BEGERT: Good morning, your Honor. Isaku Begert
7   on behalf of the plaintiff.

8   THE COURT: Good morning. And do we have anybody on
9   the line for any of our defendants, including QiaoBa999?
10   That's Q-I-A-O, capital B-A 999.

11   Do we have any of our defendants on the line for the
12   Bludgeon Riffola/Def Leppard case?

13   Okay. Nobody's responded. This matter was set for
14   hearing at 9:00 o'clock. It's now a little after 9:00, so
15   we'll proceed.

16   We have a motion to dismiss and to dissolve the
17   preliminary injunction from that defendant and a motion to
18   strike the reply, which is docket 57, from the plaintiff,
19   moving to strike the defendant's reply. I'm going to deny
20   that motion.

21   On QiaoBa's motion to dismiss, which is docket 44,
22   I'm going to deny the motion to dismiss -- well, actually,
23   no, I'm going to enter and continue the motion to dismiss,
24   pending jurisdictional discovery.

25   And could you tell me where things stand on

1 | jurisdictional discovery?
2 |     MR. BEGERT: Yes, your Honor. We served discovery
3 | requests on this defendant, and we are awaiting --
4 |     THE COURT: I'm sorry. You're kind of fading out
5 | there. If you could speak into the --
6 |     MR. BEGERT: I'm sorry. Is that a little bit
7 | clearer, your Honor?
8 |     THE COURT: Much better, yes.
9 |     MR. BEGERT: Okay. We served jurisdictional
10 | discovery requests on this defendant, and we are -- on
11 | July 20th, and we are waiting those responses, which are
12 | due on August 20th.
13 |     THE COURT: Okay. All right. The one point that
14 | the defendant made that I think may have some merit has to
15 | do with the breadth of the preliminary injunction, and in
16 | particular the restraining order on the money in the
17 | defendant's Amazon account.
18 |     There's, you know, about -- according to the
19 | defendant, there's about $150,000 in the Amazon account;
20 | and according to the defendant, there were four infringing
21 | sales, which may be, probably is, out of whack.
22 |     Much of your response to the motion to dissolve the
23 | preliminary injunction went to likelihood of success on the
24 | merits and the fact that there's infringement, and I think --
25 | I think you're -- I think you at least at this juncture have

1  a good argument that there was infringement; but I didn't see
2  much -- well, a little bit, but I didn't see much on whether
3  the asset restraint of about $150,000 is proportional to what
4  appears at least to be the extent of the infringement.
5        Would you like to speak to that issue?
6        MR. BEGERT: Yes, your Honor. As plaintiff --
7  plaintiff's position is that, you know, the burden is clearly
8  on the defendant to show that these assets are not connected
9  to its counterfeiting operations, and defendant has presented
10  no verifiable and sworn evidence to that point.
11       Moreover, they say that there's only four sales for
12  less than $100, but that is only for the exact identical --
13  like the exact same item listing with the exact same Amazon
14  number. So, that doesn't go to -- I mean, they have over
15  10,000 sales; and it doesn't -- nothing in defendant's
16  response -- they have submitted no evidence to identify or
17  determine what any of those other sales are.
18       So, the four sales that they're alleging --
19       THE COURT: If they were -- but if they were sales
20  of Def Leppard merchandise, you'd be able to identify the
21  offer for sale, right? And you didn't do that except for
22  that one product.
23       MR. BEGERT: Well, your Honor, these
24  counterfeiters -- in my experience, these counterfeiters are
25  very quick to respond and pull their other listings that have

1  been up that they have been making sales on as soon as we --
2             THE COURT:  Well, no, not before you filed the
3  complaint.  I mean, you filed the complaint, and then you
4  filed the motion for a TRO.  At that point, the defendant
5  did not know what you were up to, so if there were other
6  infringing products, you guys are good lawyers, you would
7  have found them, right?
8             MR. BEGERT:  Well, your Honor, while that would be
9  true in theory, in our experience, we have found that actually
10 quite often -- I mean, sometimes they will change between the
11 initial screen shot of the listing, they'll change it before
12 we even finish making the order, I mean, within a matter of a
13 minute or two.
14            They are -- they have gotten very sophisticated in
15 their techniques to detect our enforcement efforts.
16            THE COURT:  Right.  But --
17            MR. BEGERT:  So that is one of the --
18            THE COURT:  Then that's your fault.  If you place
19 an order and then they see it's to a Chicago or an Evanston
20 address, they probably know what's up.  You could take your
21 screen shots before you place an order.  And all I have here
22 is a screen shot with one product.
23            MR. BEGERT:  Yes, your Honor.  But however, plaintiff
24 maintains that defendant has not produced evidence to show
25 that these sales are not the product of counterfeit sales of

1    Def Leppard products, so we believe that the defendant has not
2    met their burden to show that, and that's --
3              THE COURT:  Well, you didn't meet your initial burden
4    of showing, which you could have, that there were other
5    products -- other Def Leppard products being sold or being
6    offered for sale, so why does the defendant have to prove a
7    negative?
8              MR. BEGERT:  Well, respectfully, your Honor, that is
9    also the purpose of the jurisdictional discovery that you
10   granted that we have sent out.  So, those responses, we will
11   be able to -- we will be able to address this issue.
12             THE COURT:  No.  You don't need jurisdictional
13   discovery to go to their website incognito and take a screen
14   shot of all the infringing products being offered for sale,
15   right?
16             MR. BEGERT:  If -- your Honor, respectfully, that is
17   only the case if we know every single storefront and Amazon
18   store and website --
19             THE COURT:  But this is only one Amazon store.  Your
20   investigators went to that Amazon store, took a screen shot
21   of all the Def Leppard infringing materials being offered for
22   sale.  There was just one product, and that was it.  And you
23   made a good case that this store was selling that infringing
24   product.
25             And now you're speculating about all the other

1  products that this store could have been offering for sale
2  and selling; but if the store were offering it for sale, you
3  could have easily captured it with a screen shot, and you
4  didn't, right?
5          MR. BEGERT:  Respectfully, your Honor, I -- that is
6  not necessarily the case, but -- in my opinion, but I -- your
7  point is well-taken; however --
8          THE COURT:  Go ahead.
9          MR. BEGERT:  No, go ahead, your Honor.
10         THE COURT:  I cut you off.  If you were going to say
11 something else, I wanted to give you a chance.
12         All right.  So --
13         MR. BEGERT:  Respectfully --
14         THE COURT:  Oh, go ahead.
15         MR. BEGERT:  Go ahead, your Honor.
16         THE COURT:  I want you to make whatever argument you
17 wanted to make; and then I think you're done, and then we talk
18 over each other.  So, if you have anything else to say, I want
19 to give you a chance; but if not, I'll go ahead.
20         MR. BEGERT:  Go ahead, your Honor.  I believe I've
21 stated our position.
22         THE COURT:  For the reasons that I've just explored
23 with plaintiff's counsel, the restraining order -- the asset
24 restraint is very overbroad.  Just to sum it up, it appears
25 that there's only one product for sale.  The defendant has

1 stated and given a screen shot to show that there were only
2 four such products sold -- four such items sold within that
3 product category.
4     The plaintiff is speculating that there are other
5 Def Leppard infringing products being sold; but if there
6 were, I am sure that the plaintiff's investigators would
7 have found and taken screen shots of those products before
8 any orders were placed, and they didn't.  So, all I have is
9 speculation on the plaintiff's side that there was more than
10 one kind of infringing product being sold.
11     So, what I'm going to do is I'm going to grant in
12 part and deny in part the portion of the plaintiff's motion,
13 docket 44, that seeks to dissolve the preliminary injunction.
14 All the -- all the parts of a preliminary injunction that
15 speak to the defendant not being able to sell infringing
16 merchandise, that stays in place.
17     The asset restraint also will stay in place, but only
18 up to $10,000.  And the asset restraint otherwise is dissolved
19 as to this one defendant, as is any other restriction -- other
20 than not selling infringing products, any other restriction on
21 the defendant's operation of that particular store.
22     So, I'll write this up in a minute order, and I'll
23 count on plaintiff's counsel sending a copy of it to Amazon
24 so Amazon knows what assets need to be restrained and what
25 business activities need to be restrained and which ones do

```
 1  not.  All right?
 2          MR. BEGERT:  Yes, your Honor.
 3          THE COURT:  Anything further, other than setting a
 4  new status date?
 5          MR. BEGERT:  Yes, your Honor.  I just would like to
 6  advise that plaintiff also intends to move to keep
 7  the additional assets restrained under Federal Rule of Civil
 8  Procedure 64.  So, we will -- we will get that on file
 9  shortly.
10          THE COURT:  Okay.  That's fine.  Yeah, you're always
11  entitled to come back if you have a better record.  No problem
12  at all.
13          So, given that the discovery responses are not due
14  until August 20th, Jackie, let's do this.  Why don't we set
15  this for a status hearing during the week of September 13th.
16          THE CLERK:  Sure.  How about September 13th at
17  9:00 a.m.
18          MR. BEGERT:  Works for us, your Honor.
19          THE COURT:  And then let me ask the plaintiff to
20  file a status report by the 8th just giving an update on the
21  jurisdictional discovery.
22          MR. BEGERT:  Yes, your Honor.
23          THE COURT:  All right.  Thanks.  We'll get back
24  together in September.
25          MR. BEGERT:  Thank you, your Honor.
```

1          THE COURT:  Thanks.
2     (Which were all the proceedings heard.)
3                    CERTIFICATE
4     I certify that the foregoing is a correct transcript from
5  the record of proceedings in the above-entitled matter.
6
7  */s/Charles R. Zandi*                *August 3, 2021*
8  Charles R. Zandi                    Date
   Official Court Reporter
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25