UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLUDGEON RIFFOLA, LTD. | ) | |
| Plaintiff, | ) | |
| | ) | 21 C 2525 |
| vs. | ) | |
| | ) | Judge Gary Feinerman |
| WOMENS DRESSES-YIISU, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

The Clerk is directed to reopen this case. For the reasons and to the extent set forth below, Defendant's motions to vacate preliminary injunction [96][134] are granted in part and denied in part, Defendant's motion to dismiss [117] is denied, and Plaintiff's motion to compel [127] is granted. The preliminary injunction [36] is modified as to Defendant in that the asset freeze shall be reduced to $2,500. Plaintiff is directed to ensure that any pertinent non-party is promptly informed of this modification to the preliminary injunction. Defendant shall answer the complaint and make the required document production by 1/18/2022. By 1/26/2022, the parties shall file a joint status report: (1) addressing the progress of discovery; (2) proposing a discovery and dispositive motion schedule; (3) stating whether both sides would like a settlement conference with the Magistrate Judge; and (4) stating whether there is a need for the 2/2/2023 status hearing [142].

### STATEMENT

Defendant moves to dismiss on the ground that its product does not create a likelihood of confusion given that some 200 band names appear on the puzzle. Doc. 117. Defendant may well prevail on that argument, but dismissal under Rule 12(b)(6) is inappropriate given that the pleadings do not reveal whether consumers would view Defendant's use of Plaintiff's mark (DEF LEPPARD) as indicating the band's association with the product. Nor can Defendant's fair use defense be resolved on the pleadings.

Defendant's motions to vacate the preliminary injunction, Docs. 96, 137, are granted in part and denied in part. Given the arguably tenuous merits to Plaintiff's claim and the modest number of products sold by Defendant, the preliminary injunction—in particular, the freeze on Defendant's funds—is overbroad. Accordingly, the restriction on Defendant's funds is limited to $2,500; otherwise, the asset restriction is lifted. The injunction against selling the allegedly infringing puzzles remains in place.

As for Plaintiff's motion to compel [127], it is granted in part. Defendant shall produce to Plaintiff a print out of its sales on Amazon from 2019 through the present, using these search

terms: Rock band puzzles, band catalogs jigsaw puzzles band puzzle, 1000 piece puzzles, gift for music lovers, full-color art collection, home decoration, room decor, and aesthetic puzzle.

December 28, 2022

_____
United States District Judge